UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DONTAVIAS HAYNES,<br>　　　　Plaintiff,<br>　　v.<br>ANTHONY HEDGPETH, et al.,<br>　　　　Defendants. | Case No. 12-cv-00363-JST (PR)<br><br>**ORDER ADOPTING MAGISTRATE JUDGE'S DENIAL OF MOTION FOR DEFAULT**<br><br>Re: Dkt. No. 89 |

Plaintiff, a prisoner currently incarcerated at Pelican Bay State Prison, filed a motion for default seeking enforcement of the settlement agreement reached in this case and challenging the deduction of restitution from the settlement award. On December 14, 2015, the motion was referred to Magistrate Judge Vadas, who presided over the settlement proceedings, pursuant to 28 U.S.C. § 636(b)(1)(B). On January 22, 2016, Judge Vadas entered an order requiring Defendants to respond to Plaintiff's motion.

Defendants filed their response to Plaintiff's motion on January 27, 2016. In their response, Defendants argued that default should not be entered because Plaintiff had received his settlement award. Defendants asserted that on October 22, 2014, the settlement amount of $7,500 was transferred to Plaintiff's client trust account. Defendants explained that California law requires that settlement proceeds be paid to the California Victims Compensation and Government Claims Board to satisfy outstanding victim's restitution orders or fines against an inmate, with the balance forwarded to the payee. See Cal. Penal Code § 2085.5(n). At the time of settlement, Plaintiff owed $5,812.26 in victim restitution. Plaintiff was also charged a 5% administrative fee in the amount of $290.61, as required under Penal Code § 2085.5(e). After these deductions, the amount deposited into Plaintiff's trust account was $1,397.13. Plaintiff did not respond to

1 Defendants' response to his motion. On February 18, 2016, Judge Vadas filed an order denying
2 the motion for default, which was served on all parties.

3 On March 28, 2016, Plaintiff filed a document entitled, "Plaintiff's Response to
4 Defendant's Motion Not to Enter Default Regarding Breach of Settlement Agreement." The Court
5 construes this filing as an objection to Judge Vadas' order denying the motion for default.
6 Therein, Plaintiff represents that he has been charged with restitution fines that he does not owe
7 due to accounting errors in his inmate trust account.

8 The Court hereby DENIES the objections, for the following reasons: (1) Plaintiff's
9 objections were not filed within fourteen days of being served with Judge Vadas's disposition as
10 required by 28 U.S.C. § 636(b)(1); and (2) even accepting as true that there was an accounting
11 error causing an over-deduction of restitution from Plaintiff's settlement award, Plaintiff does not
12 link that error to any act or omission by Defendants. If Plaintiff wishes to challenge the
13 accounting of his restitution award, he may file an action in state court.

14 Accordingly, for the foregoing reasons:

15 1. Judge Vadas's February 18, 2016 order denying the motion for default (dkt. no. 89), is
16 adopted in full.

17 2. The motion for default regarding breach of settlement agreement (dkt. no. 84), is
18 DENIED.

19 3. The Clerk shall close the file and terminate all pending motions.

20 IT IS SO ORDERED.

21 Dated: April 5, 2016

JON S. TIGAR
United States District Judge